IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | Cr. No. C-04-678 (3) |
| | § | C.A. No. C-06-155 |
| CRISTOBAL VELA, | § § | |
| Defendant-Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL**

Pending before the Court is Cristobal Vela's ("Vela") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 79, 81).[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 91, 92). To date, Vela has not filed a response.

For the reasons set forth below, the Court withholds ruling at this time on all of the claims in Vela's motion, other than his claim that he was denied effective assistance of counsel due to his counsel's alleged failure to appeal. As to this claim, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies this claim, it will then address his remaining grounds for relief.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On November 23, 2004, Vela and two defendants were charged in a two-count indictment with: (1) aiding and abetting each other to knowingly and intentionally possess with intent to distribute more approximately 1.18 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)

---

[1] Docket entry references are to the criminal case, CR. No. C-04-678.

and 18 U.S.C. § 2; and (2) conspiracy to knowingly and intentionally possess with intent to distribute more than five hundred (500) grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. (D.E. 12). Vela pleaded not guilty, and he was tried before a jury. The jury was selected on February 1, 2005, and trial was held on February 2 and 3, 2005. (D.E. 54, 57). The jury returned a verdict finding Vela guilty of both counts. (D.E. 65).

The Court ordered the probation department to prepare a Presentence Investigation Report ("PSR"), which was filed under seal on April 8, 2005. (D.E. 52, 73). On April 25, 2005, the Court sentenced Vela to 70 months in the custody of the Bureau of Prisons and a four-year term of supervised release on each of the two counts, to be served concurrently. (D.E. 76, 77). The Court also imposed a $100 fine and a $100 special assessment on each count. (D.E. 76, 77). Judgment was entered on May 3, 2005. (D.E. 77). Vela did not appeal.

On March 28, 2006, the Clerk received from Vela a three-paragraph motion in which he stated that he "was abandoned by counsel at the critical stage of appeal." (D.E. 79 at 1). He asked the Court to appoint counsel and extend his time to appeal or to file a § 2255 motion. (D.E. 79 at 1). By Order entered April 6, 2006, the Court directed the Clerk to provide Vela with blank § 2255 forms and instructed Vela to file a proper § 2255 motion remedying the deficiencies in his motion. (D.E. 80). The Clerk received Vela's amended § 2255 motion on May 5, 2006 (D.E. 81), and the Court ordered the government to respond. (D.E. 82). After seeking and receiving several extensions of time to file its response, the government filed its response and motion to dismiss on September 14, 2006. (D.E. 85, 90-93).

In his amended § 2255 motion, Vela explains why he did not appeal: "I appealed through my attorney, but he never did follow through on my appeal. Therefore, I am now filing for an appeal." (D.E. 81 at 3). He then goes on to list four grounds for relief, all of which are claims that should have been raised on direct appeal. (D.E. 81 at 4-5).

### III.   ANALYSIS

Construing his motion liberally, Vela's primary claim is that he was denied effective assistance of counsel because he asked his counsel to file an appeal on his behalf, and his counsel failed to appeal. In response, the government provides an affidavit from Vela's appointed counsel throughout the underlying criminal proceedings, Randall Barrera. In pertinent part, Mr. Barrera avers:

> Judge Jack admonished Mr. Vela about his right to appeal the judgment and sentence. At the conclusion of the sentencing hearing, I met with Mr. Vela in the Marshall's office on the first floor of the Federal Courthouse. I readmonished Mr. Vela about his right to appeal, that he had ten days to file a Notice of Appeal and that if he wished, I would prepare a notice on his behalf. Since I was appointed to represent Mr. Vela, I also admonished that the court may reappoint me or may appoint some other lawyer to handle the appeal. Mr. Vela stated that he understood his right to appeal and told me that he would let me know if he wanted me to file a Notice on his behalf. I never heard from Mr. Vela with any instruction to file such a notice on his behalf.

(D.E. 91, 92, Exh. A at 1).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Vela is entitled to an evidentiary hearing to determine whether he told his attorney to appeal and whether his attorney consulted with him concerning his appellate rights. Although the Court acknowledges that Mr. Barrera's affidavit directly contradicts Vela's own assertions, the Court simply is unable to determine on the current record that Vela is not entitled to relief. Instead, the Court must hold a hearing to assess

3

credibility. Accordingly, an evidentiary hearing will be held to resolve these issues. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Vela's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Vela's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Vela's remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Vela's ineffective assistance claim concerning his appeal, it will then address Vela's remaining grounds for relief.

### IV.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Vela was denied effective assistance of counsel due to his counsel's alleged failure to appeal. **The evidentiary hearing is set for Monday, January 18, 2007 at 9 a.m.**

Vela is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Proceedings 8(c). Accordingly, David Cano, of 5959 S. Staples #228, Corpus Christi, Texas

4

is hereby appointed to represent Vela. The Clerk is directed to send a copy of this Order to Mr. Cano, as well as directly to Vela and to counsel for the United States.

ORDERED this 10th day of November, 2006.

*[signature: Janis Graham Jack]*
Janis Graham Jack
United States District Judge