**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-678 (3) |
| | § | C.A. No. C-06-155 |
| CRISTOBAL VELA, | § | |
| | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Cristobal Vela's ("Vela") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 79, 81).[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 91, 92). To date, Vela has not filed a response.

On January 18, 2007, the Court held an hearing to address one of Vela's five grounds for relief. Specifically, the Court's prior order setting the hearing indicated that the Court would hear testimony regarding Vela's claim that he asked his attorney to appeal and that his attorney failed to do so. At the hearing, Vela and his appointed § 2255 counsel, David Cano, informed the Court that Vela wished to withdraw his request for a hearing and to withdraw his claim of ineffective assistance of counsel and motion. The Court asked Vela whether this was how he wanted to proceed and Vela said yes. Vela also admitted that the allegations he had made against Mr. Barrera, i.e., that he had requested that Mr. Barrera appeal, were not true. The Court granted that motion and dismissed Vela's claim of ineffective assistance based on a failure to appeal.

---

[1] Docket entry references are to the criminal case, CR. No. C-04-678.

1

Vela's motion also contained four other claims. (D.E. 81 at 4-5). His counsel answered in the affirmative when the Court asked whether Vela wished to dismiss his motion, which would mean the other claims would also be dismissed. The Court notes, moreover, that, as discussed herein, those claims are not properly before the Court in any event and thus do not entitle Vela to relief. Accordingly, because he indicated his intent to dismiss his motion and for the reasons explained more fully herein, Vela's § 2255 motion is DENIED. Also, the Court DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A.    Summary of Offense[2]**

On November 8, 2004, agents with Immigration and Customs Enforcement received information from a confidential informant ("CI") that Abel Sanchez was looking for someone interested in buying 1 to 5 kilograms of cocaine. The CI negotiated the delivery of the cocaine with Sanchez, who agreed to deliver the cocaine in Falfurrias on the following day.

On November 9, 2004, an undercover agent ("UC") and the CI went to Rachel, Texas and contacted Sanchez via cellular telephone. The CI told Sanchez that the UC was capable of transporting the cocaine through a ranch on County Road 755 in order to circumvent the U.S. Border Patrol Checkpoint in Falfurrias. A short time later, Sanchez advised the CI that he and another person were en route to the Delicias Restaurant in Rachel with 1 kilogram of cocaine. Sanchez was observed driving a white Chevrolet Suburban past the restaurant 24 minutes later. After several communications, Sanchez and the UC made contact with the Suburban. The UC exited his vehicle and

---

[2] The factual summary of the offense is taken from the Presentence Investigation Report at ¶¶ 4-7.

identified Sanchez as the front seat passenger. At that time, a surveillance agent in a marked patrol unit approached and turned on the overhead lights on his patrol unit. The surveillance agent identified the driver of the Suburban as Enrique Zuniga, Sanchez as the front seat passenger and the backseat passenger as Vela. A drug service canine alerted to a bag located on the front passenger side floorboard and a search of the bag revealed a bundle of cocaine (82% purity) with a net weight of 955 grams.

After his arrest, Sanchez advised that Vela obtained the cocaine and that on November 9, 2004, Sanchez advised Vela that the buyer was in Rachel ready to pick up the cocaine. Sanchez further states that Vela and Zuniga picked him up at Sanchez' residence and that Zuniga was driving Vela's Suburban.

**B.    Criminal Proceedings**

On November 23, 2004, Vela, Sanchez, and Zuniga were charged in a two-count indictment with: (1) aiding and abetting each other to knowingly and intentionally possess with intent to distribute more approximately 1.18 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2; and (2) conspiracy to knowingly and intentionally possess with intent to distribute more than five hundred (500) grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. (D.E. 12). Vela pleaded not guilty, and he was tried before a jury. The jury was selected on February 1, 2005, and trial was held on February 2 and 3, 2005. (D.E. 54, 57). The jury returned a verdict finding Vela guilty of both counts. (D.E. 65).

The Court ordered the probation department to prepare a Presentence Investigation Report ("PSR"), which was filed under seal on April 8, 2005. (D.E. 52, 73). On April 25, 2005, the Court sentenced Vela to 70 months in the custody of the Bureau of Prisons and a four-year term of supervised release on each of the two counts, to be served concurrently. (D.E. 76, 77). The Court also imposed

a $100 fine and a $100 special assessment on each count. (D.E. 76, 77). Judgment was entered on May 3, 2005. (D.E. 77). Vela did not appeal.

### III. MOVANT'S ALLEGATIONS

In addition to his claim that his attorney failed to appeal, which Vela has now admitted was not factually true, Vela's § 2255 motion lists another four grounds for relief. Specifically, he claims that: (1) his conviction was obtained without physical evidence tying him to the drugs found in the vehicle, because his fingerprints were never found on the drugs or drug packaging; (2) his conviction was obtained without any direct communication between him and the buyer; (3) his conviction was obtained by use of evidence (the drugs) that were in Sanchez's possession, not Vela's; and (4) his conviction was obtained by use of a "coerced" confession of his co-defendant, Sanchez, because the government agreed to give Sanchez a reduced sentence if he testified against Vela.

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

All of Vela's four remaining claims are claims that should have been raised on direct appeal. Because he did not appeal, and has not offered any valid explanation for his failure,[3] these issues are procedurally barred. That is, his failure to raise these grounds on appeal preclude this Court's consideration of the claims as part of his § 2255 motion, unless Vela can demonstrate either "cause and prejudice" or "actual innocence." Bousley, 523 U.S. at 622; Jones, 172 F.3d at 384. Vela has not alleged that he is actually innocent. Moreover, he has offered no explanation as to why he failed to file an appeal or raise these issues on appeal. Thus, he has wholly failed to show cause and prejudice and his remaining claims are not properly before the Court.

Accordingly, even if he had not voluntarily withdrawn his motion, it is subject to dismissal. Vela is not entitled to relief as to his claim regarding the failure to appeal based on his own admissions, and he has procedurally defaulted his remaining claims. The government's motion to dismiss is therefore GRANTED and Vela's motion pursuant to 28 U.S.C. § 2255 is DENIED.

---

[3] Of course, in his initial motion, he advanced a claim that his counsel had failed to appeal. At the January 18, 2007 hearing, however, he told the Court that his claims against his counsel were not true. Thus, his counsel's alleged failure to appeal does not establish cause or prejudice.

## C.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Vela has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

6

Based on the above standards, the Court concludes that Vela is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of his first claim on its merits in light of his admissions at the hearing. Moreover, the Court's conclusion that his remaining claims are procedurally barred is not debatable among jurists of reason.

## V.  CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (D.E. 92) is GRANTED and Vela's motion pursuant to 28 U.S.C. § 2255 (D.E. 79, 81) is DENIED. Vela is also denied a Certificate of Appealability.

ORDERED this 25th day of January, 2007.

_____
Janis Graham Jack
United States District Judge